UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDWARD M. HAMPTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:15-cv-00135-WTL-MJD |
| DICK BROWN, Superintendent, et al., | ) ) ) |
| Defendants. | ) |

**Entry on Pending Motions**

**I.**

The plaintiff's motion for counsel [dkt 16] is **denied**. The defendants have not responded to the complaint, and the Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013). The Court notes that the plaintiff asserts that he has made "repeated efforts" to obtain counsel. Should the plaintiff renew his motion for counsel after the defendants have responded to the complaint, he should specifically demonstrate how he has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

**II.**

The plaintiff moves for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. He asks the Court to prevent the defendants "and each of their officers, agents, [and] employees . . . from having any physical contact or direct interaction, of any kind" with him other than to resolve the instant suit.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). To prevail on his motion, the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002); *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992).

The plaintiff has not attempted to make any of the four showings necessary to receive a temporary restraining order, except arguably the third. To the extent he alleges that he will suffer irreparable harm, he states only that not preventing the defendants and their employees from having contact with him will "make him vulnerable . . . to excessive searches and attempts to deliberately hinder [him] from many . . . privileges." Such a potential for harm is insufficient to show irreparable harm. Therefore, the plaintiff has failed to show that any of the factors weigh in favor of granting the temporary restraining order, and his motion must be denied.

Additionally, the requested restraining order is overly broad and thus would not be granted even if the plaintiff had made the necessary showing. The plaintiff requests that the Court essentially prevent all prison employees from interacting with him. But the plaintiff's claims relate solely to his placement in the Restricted Movement Unit and how this placement prevents him from utilizing education courses and other privileges. As the four factors necessary to obtain a temporary restraining order suggest, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251

(10th Cir. 2010) (citation and quotation marks omitted); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). The plaintiff's dramatic request to prevent the defendants and all their employees from having contact with him is well beyond the contours of his claims. For this additional reason, the plaintiff's motion for a temporary restraining order [dkt 15] is **denied.**

    **IT IS SO ORDERED**.

Date: 7/20/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD M. HAMPTON
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838